IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TROY QUICK,

        Plaintiff,

    vs.                             CIVIL ACTION
                                      No. 05-3096-GTV

JAMES HOCKENBARGER and
BRAD HILLEBERT,

        Defendants.


**ORDER**

    This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983 by a prisoner in state custody. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

---

[1]    Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $250.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from

In this action, plaintiff alleges he was subjected to excessive force by two officers at the Shawnee County Jail, Topeka, Kansas, in July 2002.

There is no federal statute of limitations applicable to an action brought pursuant to section 1983, and therefore, the federal courts apply limitations periods borrowed from state law.  The Tenth Circuit has "concluded as a matter of federal law that all section 1983 claims should be characterized as actions for injury to the rights of another." Pike v. City of Mission, Kan., 731 F.2d 655, 658 (10th Cir. 1984)(citing Garcia v. Wilson, 731 F.2d 640, 650-51 (10th Cir. 1984)(en banc), aff'd, Wilson v. Garcia, 471 U.S. 261 (1985)).  The applicable statute of limitations for this action is two years, pursuant to K.S.A. 60-513(a)(4), which requires "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated" to be brought within two years.

Here, the acts of which plaintiff complains occurred in July 2002, but plaintiff did not commence this action until February 2005, more than two years later.  Accordingly, this matter was not timely filed, and it must be dismissed.

---

his account.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the full filing fee.

IT IS FURTHER ORDERED this matter is dismissed due to plaintiff's failure to commence this action within two years of the events giving rise to his claims.

IT IS FURTHER ORDERED plaintiff's motions for subpoenas (Docs. 4 and 5) are denied as moot.

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 10th day of May, 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge